**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

OCT 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| WINIFRED JIAU, | No. 22-15576 |
| Plaintiff-Appellant, | D.C. No. 4:13-cv-04231-YGR |
| v. | |
| RANDY L. TEWS, Warden, FCI-Dublin, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted October 5, 2023**

Before: BENNETT, SUNG, and H.A. THOMAS, Circuit Judges.

Former federal prisoner Winifred Jiau appeals pro se from the district court's

grant of summary judgment to defendant Warden Randy L. Tews in her action

brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of*

*Narcotics*, 403 U.S. 388 (1971). We have jurisdiction under 28 U.S.C. § 1291. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo. *Nunez v. Duncan*, 591 F.3d 1217, 1222 (9th Cir. 2010). We affirm.

Prison officials sued for damages under *Bivens* are protected by qualified immunity unless their conduct "violate[s] clearly established statutory or constitutional rights of which a reasonable person would have known." *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Because the facts alleged by Jiau do not "make out a violation of a constitutional right," *Pearson v. Callahan*, 555 U.S. 223, 232 (2009), we need not consider whether any violation was clearly established. To maintain an Eighth Amendment claim based on prison medical treatment, Jiau must first "show a 'serious medical need' by demonstrating that 'failure to treat [her] condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)). Jiau must also show that "the defendant's response to the need was deliberately indifferent" by demonstrating (1) "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and (2) "harm caused by the indifference." *Id*. (citing *McGuckin*, 974 F.2d at 1060).

Even assuming that Jiau has demonstrated a serious medical need, the facts

as viewed in the light most favorable to Jiau do not show that Warden Tews purposefully failed to respond to that need. Jiau was taken to the emergency room after experiencing a cardiac episode in August 2012, approved for a cardiology consultation in July 2013, and taken to a cardiac clinic in November 2013. And Jiau does not provide evidence to support her contention that the cardiology consultation was delayed or that Warden Tews was involved in any delay.

Moreover, Warden Tews' "reasonabl[e] reli[ance] on the expertise of the prison's medical staff" does not amount to acting with deliberate indifference. *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1084 (9th Cir. 2013). Jiau was prescribed Diltiazem by a prison nurse. And prison medical staff did not express concerns about any work limitations related to Jiau's work assignment. Finally, Jiau argues that Warden Tews acted indifferently toward her medical needs by failing to place her in a residential reentry center. But Jiau does not provide any evidence demonstrating that she would have been eligible for additional medical care in a residential reentry center placement and does not contest evidence provided by Warden Tews that residents of residential reentry centers were required to be medically stable.

Jiau's request for appointment of pro bono counsel, set forth in the opening brief, is denied.

**AFFIRMED.**